UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TARA BLOCK,

    Plaintiff,

v.

Case No. 17-11440

Honorable Victoria A. Roberts

VEHICLE LOGISTICS SOLUTIONS LLC,

    Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Tara Block ("Block") filed suit against Vehicle Logistics Solutions, LLC ("VLS"), and several individual Defendants alleging, *inter alia*, discrimination, sexual harassment, retaliation, hostile environment, and wrongful termination in violation of Title VII of the Civil Rights Act and Michigan's Elliot Larsen Civil Rights Act. The Court dismissed without prejudice the individual Defendants from Block's complaint for failure to prosecute. Block filed a motion for leave to file a first amended complaint, seeking to re-add the individual Defendants.

For the reasons that follow, that motion is GRANTED IN PART and DENIED IN PART.

**I.    Background**

Block alleges that while employed at VLS, she was subjected to sexual harassment. She says she was continuously harassed by a coworker, Defendant Arice Burton ("Burton"). Block claims her supervisor, Defendant April Randles ("Randles"),

1

was aware of the harassment but did nothing to address it. VLS Management, according to Block, was also aware of the situation, and on certain occasions, made cruel and insensitive jokes about Burton's sexual harassment of Block. [Complaint, Par. 7, 22, 23, 25].

Most severely, Block alleges that on one occasion she was working alone with Burton, and he cornered her in a back room and raped her. Block says she reported the assault to Randles, who failed to report the incident to her superiors, and tried to poke fun at the assault and defend Burton's actions. Block claims that in retaliation for reporting the assault, she was transferred to another position, where she suffered harassment and hostility. Due to bogus complaints made against her by a coworker, Gwen Glover ("Glover") (named defendant in original complaint, but dropped in first amended complaint), Block says she was terminated. [Complaint, Par. 26-28, 30, 36, 38, 40-41].

Block failed to serve her May 4, 2017 complaint on any of the individual defendants. On September 18, 2017, the Court issued an order requiring Block to show cause as to why her case should not be dismissed for failure to prosecute. [Doc. # 8]. Block filed a response saying that she was unable to serve them because she did not have their addresses. [Doc. # 9]. She asked the Court to either give her more time for service, to compel VLS to give her home addresses of the individual Defendants who were current VLS employees, or to allow her to effectuate alternative service. On October 25, 2017, the Court entered an order granting Block until November 1, 2017 to properly make these requests by motion. [Doc. # 10]. Block did not do that, and on

January 5, 2018, the Court dismissed her claims against the individual Defendants, without prejudice. [Doc. # 11].

In her motion for leave to file a first amended complaint, Block says that she now believes that she will be able to successfully serve the individual Defendants. In response, VLS argues that the individual Defendants were properly dismissed, and Block's proposed amendments are futile.

## II. Legal Standard

Under the Federal Rules of Civil Procedure, a court should grant leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Several factors influence whether the Court should allow a party to amend its pleading including undue delay in filing, lack of notice to opposing party, bad faith by the moving party, undue prejudice to the opposing party, and futility of the amendment." *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008) (internal quotations and citations omitted). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). A complaint must contain sufficient factual matter to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*,

550 U.S. at 556). A complaint "must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (citations omitted).

### III. Analysis

Block's ability to serve the individual Defendants is not a factor the Court takes into consideration when deciding her motion. VLS primarily argues that Block's proposed amendments are futile, which is one of the factors influencing the Court's decision on a motion to amend. In analyzing the futility of Block's proposed amendments, the Court will, for the first time, conduct a merits-based review of Block's allegations under the Rule 12(b)(6) standard.

#### A. Block Fails To State A Claim Against Defendants Angelo Filippis And Terry Rupe

In her original complaint, Block makes general allegations against Defendants Angelo Filippis ("Filippis") and Terry Rupe ("Rupe"). In Block's motion, she seeks to amend her complaint by re-adding the same general allegations – not associated with any count – against Filippis and Rupe. Neither Filippis nor Rupe are named as Defendants in any of the counts in Block's original or amended complaint.

Block alleges that while employed at VLS, Filippis falsely accused her of walking off her job without permission, although she had received permission by Rupe to leave. She claims that Filippis' false accusation led to an investigation by VLS. While under investigation, she claims she was continuously sexually harassed by Burton. [First Amended Complaint, Par. 18-20].

VLS argues that these allegations against Filippis and Rupe would not survive a Rule 12(b)(6) motion to dismiss.

The Court agrees with VLS. The claims against Filippis and Rupe involve actions taken before Burton allegedly began sexually harassing Block. The allegations in her complaint are based upon the sexual harassment she suffered at the hands of Burton, and the retaliation she suffered after reporting Burton's harassment. Block fails to make any factual allegations against Filippis or Rupe in the counts of her amended complaint, thus she does not plead factual content that would allow the Court to infer that Filippis or Rupe are liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678. Further, Block makes no showing in her factual allegations of how Filippis and Rupe could be held liable on any of her claims. *National Independent Theatre Exhibitors, Inc. v. Charter Financial Group, Inc.*, 747 F.2d 1396, 1404 (11th Cir. 1984) (holding that the district court acted within its discretion to deny plaintiffs' motion for leave to amend to add new defendants, when plaintiffs made no showing in their factual allegations as to how the additional parties could be held liable for any asserted claims).

B. Count 1 – Block's Amendment To Her Title VII Claim Is Partially Granted

Block alleges a violation of Title VII of the Civil Rights Act in Count 1 of her original complaint. While not clearly stated, it seems that she makes these allegations against all Defendants, which, in her amended complaint, include VLS, Burton, Randles, Rupe, Fillipis, and Wayne Henderson ("Henderson"). She makes no substantive changes to the allegations of Count 1 in her proposed amended complaint. Because the individual Defendants were previously dropped, Block is seeking to re-add these Defendants to Count 1.

As VLS notes, under Title VII, a plaintiff has 90 days to file suit after receiving a Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC"). Defendants argue that Block's attempt to add the individual Defendants to Count 1 falls outside this 90-day window. The EEOC issued Block a Right to Sue letter on February 2, 2017; she filed her complaint on May 4, 2017. It is not clear when Block received her letter, but the Court will presume it was after February 2, 2017, meaning Block filed her complaint within 90 days of receipt.

However, as stated above, Block fails to make any allegations against Fillipis and Rupe in any of her counts. The same is true for Henderson. In her general allegations, Block alleges that Glover, in a smear campaign, sent a letter to Henderson, VLS' Vice President of Operations, in an attempt to get her fired. Block claims that Glover's smear campaign worked since Henderson fired her without investigating any of the complaints made against her. [First Amended Complaint, Par 34-36]. No facts are alleged against Henderson in Count 1, so the claim against him cannot withstand a 12(b)(6) motion.

The amendments to add Fillipis, Rupe, and Henderson to Count 1 are futile.

Burton does raise allegations against VLS, Burton, and Randles in Count 1. Specifically, she says that she was subject to sexual harassment and discrimination by Burton, which was allowed to continue by VLS and her supervisors (which include Randles). She alleges that these Defendants subjected her to sexual harassment, hostile work environment, and retaliation in violation of Title VII. [First Amended Complaint, Par. 41, 43-44]. These allegations state a claim for relief that survive a Rule 12(b)(6) motion to dismiss.

The Court allows Block to amend her complaint to add VLS, Burton, and Randles to her Title VII claim.

C. Count 2 – The Statute Of Limitations For Assault And Battery Has Expired

Block's original complaint contained an assault and battery claim against Burton. Block seeks to re-add Burton to Count 2 without any other changes to the Count. She claims that on multiple occasions, Burton unlawfully touched her without her permission, causing serious and permanent physical and mental damage.

VLS terminated Block on April 22, 2015. Block does not claim that Burton continued unlawfully touching her after her termination. The statute of limitations for an assault and/or battery claim is two years in the State of Michigan. MCL § 600.5805(2). Accordingly, the statute of limitations on Block's alleged claims expired at the latest on April 22, 2017. Block filed her first complaint on May 4, 2017, after the statute of limitations expired.

Since Block's assault and battery claim against Burton is beyond the statute of limitations, this proposed amendment is futile. *See Marx v. Centran Corp.*, 747 F.2d 1536, 1551 (6th Cir. 1984) (Court upheld district court's characterization of plaintiff's motion to amend complaint as futile, in part because statute of limitations on certain claims had run).

D. Count 3 – VLS And Randles Are Not Vicariously Liable For Burton's Assault And Battery

In Count 3 of the amended complaint – which is identical to the original complaint – Block seeks to impose vicarious liability on VLS and Randles for Burton's assault and

battery. She claims that Burton's tortious actions took place on VLS property and under Randles' supervision.

Because the statute of limitations expired on Block's assault and battery claims, it necessarily follows that VLS and Randles cannot be held vicariously liable for them. Further, employers are generally not liable for an employee's torts and criminal acts committed outside the scope of their employment. *Hamed v. Wayne County*, 490 Mich. 1, 12 (2011).

These Count 3 amendments are futile.

E. Count 4 – Block's Amendment To Her Elliot Larsen Claim Is Partially Granted

In Count 4 of her original complaint, Block alleged that VLS and Randles violated her rights under Michigan's Elliot Larsen Civil Rights Act. She seeks to amend her complaint by making this allegation against all Defendants.

VLS makes no argument concerning the amendments to Count 4. However, these amendments are futile as to certain individual defendants; Block fails to make any allegations against Fillipis and Rupe in any of her counts. Similarly, no facts are alleged against Henderson in Count 4. The amendments adding Fillipis, Rupe, and Henderson to Count 4 are futile and do not survive a Rule 12(b)(6) motion to dismiss.

However, Block does raise allegations in Count 4 against VLS, Burton, and Randles. Specifically, she alleges that she notified Randles of sexually discriminatory conduct against her, but VLS failed to take any corrective action. She also alleges in Count 4 that Burton sexually touched and harassed her on numerous occasions. [First

Amended Complaint, Par. 70, 72]. These allegations state a claim for relief and survive a motion to dismiss.

The Court allows Burton to amend her complaint to add VLS, Burton, and Randles to her Elliot Larson claim.

F. Count 5 – Burton's Amended Complaint Contains No "Count 5"

Count 5 of Burton's original complaint was a claim for Tortious Interference with Advantageous Business Relations. This count is dropped from the amended complaint.

G. Count 6 – Block Fails To State A Claim For Intentional Infliction Of Emotional Distress

In her original complaint, Block brought a claim for intentional infliction of emotional distress ("IIED") against Defendants VLS, Burton, and Randles. Block seeks to amend her complaint to allege this claim against all Defendants. VLS argues that Block fails to plead the material elements of such a claim against all Defendants.

To succeed on an IIED claim under Michigan law, "a plaintiff must show (1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress." *C.R. v. Novi Cmty. Sch. Dist.*, 2017 U.S. Dist. LEXIS 18394, *55-56 (E.D. Mich. Feb. 9, 2017) (internal citations and quotations omitted). Liability will only attach where a plaintiff can demonstrate that the defendant's conduct is so outrageous that it goes beyond all possible bounds of decency and is utterly intolerable. *Id.* at *56. "The Michigan Supreme Court has described the test as whether the recitation of the facts to an average member of the community would arouse his

resentment against the actor, and lead him to exclaim, 'Outrageous!'". *Id.* (internal citations and omitted).

Block alleges that all Defendants subjected her to sexual harassment and discriminatory conduct while VLS employed her. Specifically, she alleges that she reported Burton's harassment and assault to Randles, but Defendants failed to take any corrective action. This conduct, Block claims, was sufficiently severe and pervasive to interfere with her physical health and work performance, and created an intimidating and hostile work environment. [First Amended Complaint, Par. 79-83].

According to Block, VLS employees made cruel and insensitive jokes after she reported Burton's harassment. [First Amended Complaint, Par. 23]. But these allegations fail to meet the high threshold under Michigan law, and could be considered "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities" that do not state a claim for IIED. *Stone-Graves v. Coop. Elevator Co.*, 2003 U.S. Dist. LEXIS 5834, *30 (E.D. Mich. Mar. 12, 2003).

Block's amendments to her IIED claim, consisting of conclusory allegations, are futile.

IV. Conclusion

Block spends much of her motion explaining how some of the factors the Court may consider when granting a motion for leave to amend weigh in her favor. However, as VLS argues, many of her proposed amendments are futile. Thus, Block's motion for leave to file her first amended complaint is **GRANTED IN PART and DENIED IN PART**.

The Court **GRANTS** Block leave to amend her complaint so that it only contains:

1. Count 1: Violation of Title VII of the Civil Rights Act of 1964, against VLS, Burton, and Randles.

2. Count 4: Violation of Michigan's Elliot Larsen Civil Rights Act, against VLS, Burton, and Randles.

Block must timely serve Burton and Randles.

All other proposed amendments are **DENIED**.

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: May 3, 2018