UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TARA BLOCK,

    Plaintiff,                                             Case No: 17-11440
                                                         Honorable Victoria A. Roberts

v.

VEHICLE LOGISTICS
SOLUTIONS, LLC, et al.,

    Defendants.
_____/

**ORDER:**
**(1) GRANTING IN PART AND DENYING IN PART VLS'S MOTION FOR INVOLUNTARY DISMISSAL OR OTHER SANCTIONS [ECF NO. 32]; (2) DENYING BLOCK'S MOTION TO STRIKE [ECF NO. 36]; (3) GRANTING VLS'S MOTION TO QUASH SUMMONS AND DISMISS RANDLES AND BURTON [ECF NO. 42]; (4) DISMISSING RANDLES AND BURTON; and (5) GRANTING VLS'S MOTION FOR RULE 11 SANCTIONS [ECF NO. 43]**

**I.    INTRODUCTION**

Plaintiff Tara Block ("Block") filed this action in May 2017 against her former employer, Vehicle Logistic Solutions, LLC ("VLS"), and several VLS employees, including April Randles ("Randles") and Arice Burton ("Burton"). Her only remaining claims are against VLS, Randles, and Burton for violation of Title VII of the Civil Rights Act of 1964 and violation of Michigan's Elliott Larsen Civil Rights Act.

Four motions are before the Court: (1) VLS's Motion for Involuntary Dismissal or, Alternatively, for Sanctions pursuant to Federal Rule of Civil Procedure 37 and 41(b) ("Motion for Involuntary Dismissal") [ECF No. 32]; (2) Block's Motion to Strike VLS's Defenses or, Alternatively, to Compel Discovery ("Motion to Strike") [ECF No. 36]; (3) VLS's Motion to Quash Summons and Dismiss Randles and Burton [ECF No. 42]; and

(4) VLS's Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11 ("Motion for Rule 11 Sanctions") [ECF No. 43 ].

For the reasons that follow, the Court: (1) **GRANTS IN PART** and **DENIES IN PART** VLS's Motion for Involuntary Dismissal; (2) **DENIES** Block's Motion to Strike; (3) **GRANTS** VLS's Motion to Quash Summons and Dismiss Randles and Burton; (4) **DISMISSES** Randles and Burton; and (5) **GRANTS** VLS's Motion for Rule 11 Sanctions.

The Court **SANCTIONS** Block and her counsel, as set forth below.

## II. DISCUSSION

### A. VLS's Motion for Involuntary Dismissal

#### 1. Relevant Facts

On May 2, 2018, VLS sent Block's counsel a letter highlighting deficiencies in Block's discovery responses and demanding that Block supplement her responses within seven days. Block failed to comply, and on May 11, 2018, VLS sent the Court an email requesting a discovery conference. The Court ordered counsel to appear in chambers to work out the discovery disputes.

On May 24, 2018, the parties appeared in chambers and agreed upon a Stipulated Order Compelling Discovery, which the Court entered on June 1, 2018. Among other requirements, the order required that Block fully respond, without objection, to VLS's interrogatories and requests for production of documents by July 2, 2018. One request for production was for the examination of Block's cell phone. The order also provided that VLS was permitted to depose Block's parents.

Despite agreeing to the Stipulated Order Compelling Discovery, Block failed to provide supplemental responses by the July 2 deadline; then, she completely ignored numerous emails from VLS after the deadline requesting her supplemental responses. In fact, she did not reply regarding the interrogatories or document requests until she filed her response to this motion.

There is one exception to Block's failure to produce. Block did produce her cell phone. However, the production was untimely – on July 18, 2018; then, she produced only after three emails from VLS's counsel; and despite requests from VLS's counsel, Block did not provide her password, which required additional expense to image the device.

Block also failed to cooperate in scheduling the depositions of her parents. VLS subpoenaed Block's parents and scheduled their depositions for June 6, 2018. Block's counsel was unavailable that date, so he asked to cancel the depositions.

In a May 31, 2018 email to Block's counsel, defense counsel requested Block's counsel to confirm that he would produce the parents on a different date, and he also requested alternative dates for their depositions that would work for Block's counsel. In response, Block's counsel said he would produce the parents for their depositions and that VLS did not need to resend subpoenas; he also did not provide alternative dates.

VLS's counsel sent Block's counsel four additional emails – on June 29, July 9, July 16, and July 27 – requesting dates for the deposition of Block's parents. Block's counsel never responded.

There is other concernable conduct. After confirming that she would attend. Block failed to appear at a defense medical examination scheduled for July 27, 2018.

Block gave no excuse for her no-show; in her response she admits she just did not want to attend.

VLS filed its Motion for Involuntary Dismissal on August 6, 2018, after Block's repeated noncompliance with the Court's Stipulated Order Compelling Discovery and with discovery in general. VLS asks the Court to dismiss the complaint pursuant to Federal Rules of Civil Procedure 37 and 41(b) as a sanction for Block's failure to meaningfully participate in the discovery process and failure to comply with the Stipulated Order Compelling Discovery. VLS alternatively asks the Court to impose less drastic sanctions on Block if it finds involuntary dismissal too severe.

### 2. Analysis

"Under Fed. R. Civ. P. 37(b)(2)(C), a district court may sanction parties who fail to comply with its orders in a variety of ways, including dismissal of the lawsuit." *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995). Rule 41(b) also authorizes involuntary dismissal where "the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008). "The use of dismissal as a sanction for failing to comply with discovery has been upheld because it accomplishes the dual purpose of punishing the offending party and deterring similar litigants from such misconduct in the future." *Bass*, 71 F.3d at 241. "Nevertheless, '[t]he dismissal of a claim for failure to prosecute is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff.'" *Schafer*, 529 F.3d at 736 (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).

4

The Court considers four factors in deciding whether to dismiss an action under Rule 37(b) or Rule 41(b): (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the opposing party was prejudiced by the noncompliant party's conduct; (3) whether the Court warned the party that failure to cooperate could lead to dismissal; and (4) whether the Court has previously imposed or considered less drastic sanctions. *Schafer*, 529 F.3d at 737; *Bass*, 71 F.3d at 241.

### a. **Whether Block's Failure is Due to Willfulness, Bad Faith, or Fault**

The first factor weighs in favor of dismissal.

In response to VLS's motion, Block's counsel grossly misrepresents the record; although he never provided VLS with alternative dates for deposing Block's parents, he attempts to place blame on VLS's counsel for not agreeing to a mutual agreeable date. In addition, despite his email to VLS's counsel stating that he would produce Block's parents for deposition and that VLS did not need to resend subpoenas for the depositions, counsel for Block now contends that "it is not Plaintiff's responsibility to produce [her parents]. They [sic] proper method would be to Subpoena such persons and compel their attendance."

Block's failure to cooperate with VLS in scheduling her parents' depositions and her misrepresentations in her response brief clearly demonstrate bad faith and contumacious conduct.

Moreover, Block's response regarding the July 27 defense medical examination and her failure to supplement her responses to VLS's interrogatories and documents requests – which violated the Stipulated Order Compelling Discovery –demonstrate her willful disregard of the Court's order and her discovery obligations.

5

In her response, Block states that any examinations beyond her July 18 examination with a clinical psychiatrist "were unreasonable, harassing and oppressive…." Essentially, Block admits that she deliberately skipped the confirmed "Physical Medicine" examination on July 27.

With respect to her supplemental responses to VLS's interrogatories and document requests, Blocks says, "Plaintiff has reviewed her prior detailed responses and is unable to give further information at this time." This response perplexes the Court.

First, Block agreed to the Stipulated Order Compelling Discovery – which was entered specifically because she failed to provide sufficient discovery responses. However, despite agreeing to the order and representing to the Court that she would provide supplemental, complete responses to VLS's discovery requests, without objection, Block failed to provide any supplemental discovery other than producing her cell phone. Block ignored numerous emails from VLS's counsel requesting the discovery, and instead forced VLS to file this motion.

This clearly demonstrates Block's willful disregard of the Court's order and her general discovery obligations; as such, dismissal would be an appropriate sanction. *See Bass*, 71 F.3d at 241 ("[D]ismissal is an appropriate sanction where the party's failure to cooperate with the court's discovery orders is due to willfulness. A willful violation occurs whenever there is a conscious and intentional failure to comply with the court order.").

"The Court is also concerned with [Block's] counsel's breach of the duty of candor it owes to the Court." *Infocision Mgmt. Corp. v. Found. for Moral Law, Inc.*, No.

08-1342, 2009 WL 2781749, at *3 (N.D. Ohio Aug. 28, 2009) (questioning counsel's candor and finding that the party he represented willfully disobeyed a discovery order, where counsel ignored his representation to the court that he would produce discovery "post haste," and it was clear that "counsel had no intention of making good on this promise"). Despite agreeing to, and signing, the Stipulated Order Compelling Discovery – which required Block to "fully and completely respond, without objection" to VLS's interrogatories and document requests, it appears that Block's counsel never intended to comply with this obligation. Block missed the deadline to supplement this discovery and completely ignored VLS's repeated emails requesting the discovery. This shows that Block willfully disobeyed the Stipulated Order Compelling Discovery.

Finally, even if Block did not have additional information or discovery to produce – which would have made the Stipulated Order Compelling Discovery unnecessary in the first place and is unlikely – it was inappropriate to simply ignore the Court order and VLS's repeated requests for supplementation and wait to offer any response or explanation until seven weeks after the deadline as part of her response to VLS's Motion for Involuntary Dismissal. This compounds Block's bad faith conduct and further demonstrates her callous disregard of this Court's order and her discovery obligations.

The first factor weighs strongly in favor of dismissal.

### b.     *Whether VLS Was Prejudiced by Block's Conduct*

The second factor also weighs in favor of dismissal.

Block's violation of the Stipulated Order Compelling Discovery and her failure to comply with the discovery process, despite VLS's repeated requests, cost VLS time and money, and prevented VLS from receiving relevant discovery. Block's conduct

7

prejudiced VLS.  *See Schafer*, 529 F.3d at 737 ("This court has held, for purposes of the second factor, that a defendant is prejudiced by the plaintiff's conduct where the defendant 'waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'") (citation omitted).

### c. Whether the Court Warned Block that Failure to Cooperate Could Lead to Dismissal

This factor weighs against dismissal.

The Court warned the parties that non-compliance could result in sanctions, but the warning did not specifically include the possibility of dismissal.  "Although typically none of the factors is outcome dispositive," the Sixth Circuit finds "[p]rior notice, or the lack thereof, [to be] a key consideration."  *Schafer*, 529 F.3d at 737 (citation omitted).  Indeed, the Sixth Circuit "'has repeatedly reversed district courts for dismissing cases because litigants failed to appear or to comply with pretrial orders when the district courts did not put the derelict parties on notice that further noncompliance would result in dismissal.'"  *Id.* at 737-38 (quoting *Wu*, 420 F.3d at 644).

### d. Whether the Court has Previously Imposed or Considered Less Drastic Sanctions

The Court has not imposed less drastic sanctions.

This, along with the lack of prior notice that noncompliance could result in dismissal, would likely make involuntary dismissal an abuse of discretion.  *See id.*

However, because the Court finds Block's violation of the Stipulated Order Compelling Discovery and her failure to participate in good faith in the discovery process were "willful and contumacious," severe sanctions are appropriate.

8

The Court **GRANTS IN PART** and **DENIES IN PART** VLS's Motion for Involuntary Dismissal. The motion is DENIED with respect to VLS's request for dismissal and GRANTED with respect to its request for other sanctions.

Other than dismissal, the types of sanctions contemplated by Rule 37(b) include, in part: (1) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (2) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (3) striking pleadings in whole or in part; and (4) dismissing the action or proceeding in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(i)-(iii), (v).

In light of Block's egregious conduct addressed above, the Court **IMPOSES** the following **SANCTIONS**: (1) Block and her counsel must pay VLS's *reasonable* costs and attorney fees incurred in bringing its Motion for Involuntary Dismissal; (2) Block must reimburse VLS for all charges and fees VLS incurred as a result of her failure to appear at the July 27 medical examination; (3) Block cannot request any additional discovery from VLS or non-parties; (4) Block is barred from introducing or otherwise using or relying on any information, document, witness, or other possible evidence that – despite being responsive to VLS's discovery requests – she failed to disclose or produce to VLS before VLS filed its Motion for Involuntary Dismissal; and (5) the Court **STRIKES** Block's requests for "exemplary and/or punitive damages" and for damages for past, present and future physical pain and suffering in both counts of the Amended Complaint.

VLS's counsel must submit an itemized statement of its costs and attorney fees, with a supporting affidavit from counsel, by **November 2, 2018**.

Block may object to the itemization on or before **November 9, 2018**.  She may not relitigate an issue decided in this order in an objection.  If Block does not object, the full amount of fees and costs requested must be paid to VLS by **November 30, 2018**.  If Block does object, the Court will rule on her objections before payment is due.

Block must pay the entire amount VLS incurred due to her failure to attend the July 27 medical examination.  The balance of the award of costs and attorney fees must be paid by Block and her counsel, with Block paying 10%, and her counsel paying 90%.

### B. Block's Motion to Strike and VLS's Motion for Rule 11 Sanctions

On August 13, 2018 – prior to responding to VLS's Motion for Involuntary Dismissal – Block filed her Motion to Strike, arguing that VLS's discovery responses were deficient and that VLS failed to produce corporate witnesses for deposition.  Block's counsel included a "Statement of Non-Concurrence" in the motion, in which he certifies that "[t]here was a conference between counsel in which we explained the nature of this motion and its legal basis and requested but did not obtain concurrence in the relief sought."

The following day – August 14, 2018 – counsel for VLS sent Block's counsel a letter stating that the Statement of Non-Concurrence was "deliberately false" because they had never discussed the Motion to Strike, nor had they discussed the sufficiency of VLS's discovery responses since VLS supplemented them.  VLS demanded that Block withdraw the motion, cautioning that it would seek sanctions if she failed to do so.

Block did not respond to the letter or withdraw her motion to strike.

On August 24, 2018, VLS filed a response to the Motion to Strike. VLS says the Statement of Non-Concurrence is false. VLS also says that its discovery responses are sufficient and that Block's statements to the contrary are false and/or frivolous. Block, surprisingly, did not file a reply brief, and the time to do so has passed.

On September 17, 2018, VLS filed its Motion for Rule 11 Sanctions. VLS, again, states that the Motion to Strike contains numerous misrepresentations – including Block's statement that she sought concurrence before filing the motion. Block did not respond to VLS's Motion for Rule 11 Sanctions, and the time for her to do so passed.

Because Block failed to rebut the assertions VLS makes in its response to her Motion to Strike and in its Motion for Rule 11 Sanctions – by filing either a reply brief in support of her motion or a response to VLS's motion – "the court accepts the recitation of facts propounded by [VLS] as true and conceded by [Block]." *See United States v. Montgomery*, No. 3:07-36, 2008 WL 655982, at *1 (W.D. Ky. Mar. 6, 2008), *aff'd*, 395 Fed. Appx. 177 (6th Cir. 2010). *See also Galeana Telecomm. Investments, Inc. v. Amerifone Corp.*, No. 15-14095, 2018 WL 1633479, at *4-5 (E.D. Mich. Apr. 5, 2018) (holding that plaintiff's failure to file a reply brief amounts to a forfeiture of any objection it has to defendants' assertions in response) (citing *United States ex rel. Am. Sys. Consulting, Inc. v. ManTech Advanced Sys. Int'l*, 600 Fed. Appx. 969, 979 (6th Cir. 2015)).

The Court finds that: (1) Block's Motion to Strike contains "several blatant material misrepresentations intended to mislead the Court into granting [Block] the relief she seeks, when she would otherwise not be entitled to it; and (2) the Motion to Strike

lacks merits and "only serves to harass VLS, drive up the cost of litigation, and cause an unnecessary and undue burden on VLS."

Block's Motion to Strike is **DENIED**.

Because Block's Motion to Strike is a discovery motion, Rule 11 is not an appropriate basis for sanctions. *See* Fed. R. Civ. P. 11(d) ("This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37."). However, this does not excuse Block's deliberate misrepresentations to the Court.

VLS's Motion for Rule 11 Sanctions is **GRANTED**, but on alternative grounds.

Sanctions are warranted under Rule 37(b) and Rule 16(f)(1)(C) for violation of Rule 37(a)(1) and the Court's scheduling order, which require a party to first confer with the opposing party before filing a motion to compel. *See Bernstein v. Boies, Schiller & Flexner LLP*, 236 Fed. Appx. 564, 569-70 (11th Cir. 2007) (sanctions warranted where plaintiff's counsel misrepresented attempts to seek concurrence on one motion and filed another motion requesting sanctions against defendant's counsel for failure to cooperate in producing a pretrial filing, even though the parties' work was ongoing); *Parchman v. Taylor*, No. 12-13094, 2014 WL 1304626, at *2 (E.D. Mich. Mar. 31, 2014) (under Rule 37(a)(1), a "party must certify that he or she attempted to confer with the party failing to provide discovery[,] . . . [and] [t]he choice of what sanction to impose for failure to comply with discovery is vested in the court's discretion"); *Laukus v. Rio Brands, Inc.*, 292 F.R.D. 485, 501 (N.D. Ohio 2013) ("Rule 16(f) specifically provides for sanctions, including those authorized under Rule 37(b), against a party or his attorney for the failure 'to obey a scheduling or other pretrial order.' Fed. R. Civ. P. 16(f)(1)(C).

The analysis under Rule 16(f) and Rule 37(b) is the same, and Rule 37(b)(2) sanctions and attorney's fees are available for Rule 16(f) violations.").

Moreover, the Court has the inherent power to sanction an attorney "who willfully abuse[s] judicial processes or who otherwise act[s] in bad faith." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006); *see also Am. Trust v. Sabino*, 230 F.3d 1357, 2000 WL 1478372, at *1 (6th Cir. Sept. 28, 2000) ("A federal court has the inherent power to impose sanctions against a party or non-party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.").

Block's counsel willfully abused the judicial process, wasted the time and resources of the Court and VLS, and generally acted in bad faith by, among other things: (1) filing the Motion to Strike without first conferring with opposing counsel; (2) deliberately misrepresenting in the Motion to Strike that he did confer with opposing counsel; (3) misrepresenting the sufficiency of VLS's discovery responses and participation in discovery; and (4) failing to respond to VLS's letter regarding the Motion to Strike and/or withdraw the Motion to Strike.

In light of his willful abuse of the judicial process and bad faith conduct, the Court **IMPOSES** the following **SANCTIONS** on Block's counsel: (1) payment of the *reasonable* costs and attorney fees VLS incurred in responding to the Motion to Strike and filing the Motion for Rule 11 Sanctions; and (2) mandatory attendance at the E.D. Mich. Chapter of the Federal Bar Association's seminar for new attorneys – scheduled for December 4-5, 2018, [*see* https://fbamich.org/event/2018-new-lawyer-seminar/]. Block's counsel must certify and attach proof of his attendance at the new attorney seminar before he can appear in any new case in this District.

VLS's counsel must submit an itemized statement of its costs and attorney fees, with a supporting affidavit from counsel, by **November 2, 2018**.

Block's counsel may object to the itemization on or before **November 9, 2018**. He may not relitigate an issue decided in this order in an objection. If Block's counsel does not object, he must pay VLS the full amount of fees and costs requested by **November 30, 2018**. If he does object, the Court will rule on his objections before payment is due.

### C. VLS's Motion to Quash Summons and Dismiss Randles and Burton

Block filed her amended complaint on July 12, 2018. Under Fed. R. Civ. P. 4(m), she had 90 days, or until October 10, 2018, to serve Defendants Randles and Burton.

Block filed certificates of service stating she personally served Randles and Burton on August 22, 2018 at VLS's office located at 1878 Frenchtown Road, Monroe, Michigan.

On September 10, 2018, VLS filed its Motion to Dismiss Randles and Burton. Block did not respond to the motion, and her time to do so passed.

VLS says that Block failed to properly serve Randles or Burton under Federal Rule of Civil Procedure 4(e). In support of its motion, VLS relies on the affidavit of David Vazquez, Vice President of Logistics for VLS, in which he states that: (1) he was working alone at VLS's Frenchtown Road office on August, 22, 2018; (2) at some point that day, an individual came into the office and left two envelopes on the front counter; (3) the two envelopes were labeled "April Randles" and "Arice Burton"; (4) neither Randles or Burton work at the Frenchtown Road office, and neither was at that office on

14

August 22, 2018; and (5) he is not, and never has been, authorized to accept service on behalf of Randles or Burton.

Although it is Block's burden to prove that service was proper and valid, *see Metro. Alloys Corp. v. State Metals Indus., Inc.*, 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006), she does not respond to VLS's motion.

VLS's motion is granted for three reasons.

First, service by the means described in VLS's motion – and Vazquez's affidavit – does not comply with Rule 4(e).

Second, even if Block properly served Randles and Burton on August 22, 2018, more than 21 days has passed since the alleged date of service, and neither filed an answer to the amended complaint or otherwise appeared. Although Randles and Burton have not appeared and their time to do so expired, Block has not acted on their non-appearance. This, along with the fact that she did not respond to VLS's Motion to Quash Summons and Dismiss Randles and Burton, demonstrates that she has either abandoned her claims against these defendants or willfully and inexcusably failed to pursue her claims against them. Either way, her failure to act (particularly when viewed in light of her inaction earlier in this case with respect to these same claims) warrants dismissal for failure to prosecute. The Court has previously warned Block that failure to prosecute her claims against Randles and Burton would result in dismissal; in fact, the Court previously dismissed Randles and Burton for Block's failure to serve, before the Court allowed Block to rename them in her amended complaint.

Finally, over 90 days have passed since Block filed her amended complaint. Thus, her time to serve Randles and Burton expired. *See* Fed. R. Civ. P. 4(m).

VLS's Motion to Quash Summons and Dismiss Randles and Burton is **GRANTED**. Randles and Burton are **DISMISSED**.

VLS sought concurrence before filing this motion; however, concurrence was not obtained. Under the Local Rules, the Court may tax costs against a non-moving party who unreasonably withholds consent. E.D. Mich. LR 7.1(a)(3). "The purpose of Local Rule 7.1(a) is to preclude the incurrence of unnecessary fees, costs and expenses by the party who intends to file the motion where the non-moving party concurs with the relief sought by the party intending to file the motion." *See Dupree v. Cranbrook Educ. Cmty.*, No. 10-12094, 2012 WL 1060082, at *13 (E.D. Mich. Mar. 29, 2012).

The Court finds that Block's refusal to concur was unreasonable, especially considering she failed to respond to the motion. *See Carter v. City of Detroit*, No. 11-15322, 2012 U.S. Dist. LEXIS 38894, at *3 (E.D. Mich. Mar. 22, 2012) (requiring plaintiff to pay defendant's attorney fees for unreasonably withholding consent under E.D. Mich. LR 7.1(a)(3), where plaintiff refused to concur in the motion and then failed to file a response brief).

Pursuant to Local Rule 7.1(a)(3), the Court taxes costs and attorney fees against Block's counsel for unreasonably withholding consent.

VLS's counsel must submit an itemized statement of its costs and attorney fees, with a supporting affidavit from counsel, by **November 2, 2018**.

Block's counsel may object to the itemization on or before **November 9, 2018**. He may not relitigate an issue decided in this order in an objection. If Block's counsel does not object, he must pay VLS the full amount of fees and costs requested by

**November 30, 2018**. If he does object, the Court will rule on his objections before payment is due.

## III. CONCLUSION

The Court: (1) **GRANTS IN PART** and **DENIES IN PART** VLS's Motion for Involuntary Dismissal; (2) **DENIES** Block's Motion to Strike; (3) **GRANTS** VLS's Motion to Quash Summons and Dismiss Randles and Burton; (4) **DISMISSES** Randles and Burton; and (5) **GRANTS** VLS's Motion for Rule 11 Sanctions.

The Court **SANCTIONS** Block and her counsel – Thomas R. Warnicke and the Law Offices of Thomas R. Warnicke, PLLC – as set forth above.

Block and her counsel are warned that any future bad faith conduct or noncompliance with any order, Rule, or procedure will result in sanctions, including dismissal of this case.

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: October 23, 2018